CHAMLINK CORPORATION *v.* MERRITT EXTRUDER CORPORATION ET AL.
(AC 26697)

Schaller, McLachlan and Hennessy, Js.

Argued March 22—officially released June 20, 2006

*Robert M. Singer*, for the appellant (plaintiff).

*Scott S. Centrella*, for the appellee (named defendant).

*Opinion*

HENNESSY, J. The plaintiff, Chamlink Corporation, brought a three count civil action against the defendants, Merritt Extruder Corporation (Merritt Extruder Connecticut),[1] Davis Electric and Merritt Davis Corporation (Merritt Davis), relating to an unpaid debt

---

[1] There are two corporations named Merritt Extruder Corporation that are relevant to this appeal: (1) a corporation incorporated in Delaware in 1991 and (2) a corporation incorporated in Connecticut in 2004. To distinguish the two, we refer to the Connecticut corporation as "Merritt Extruder Connecticut" and to the Delaware corporation as "Merritt Extruder Delaware." Merritt Extruder Connecticut is the named defendant.

accrued by Merritt Davis, a defunct corporation. The first count alleged a claim on the debt against Merritt Davis. The second count sought to hold Merritt Extruder Connecticut liable for the debt on a theory of successor liability. The third count alleged that Merritt Extruder Connecticut and Davis Electric violated the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., for conduct that will be discussed in this opinion.

The trial court rendered judgment on count one against Merritt Davis for the total amount of the debt plus taxable costs. The court rendered judgment in favor of Merritt Extruder Connecticut on the remaining counts.[2] On appeal, the plaintiff claims that the court improperly concluded that (1) there was no successor liability between Merritt Extruder Connecticut and Merritt Davis, and (2) Merritt Extruder Connecticut did not violate CUTPA. We disagree and, accordingly, affirm the judgment of the trial court.

The specific facts giving rise to this appeal are as follows. In 1991, a Delaware corporation known as Merritt Extruder Corporation (Merritt Extruder Delaware) was formed. On January 20, 1995, it merged with and into a Delaware corporation known as Davis Electric Wallingford Corporation, forming Merritt Davis. As a result of the merger, Merritt Extruder Delaware ceased to exist.

Merritt Davis consisted of nine shareholders and ten board members. Alexander Guthrie, president of Merritt Davis, owned 17 percent of the corporation's stock and sat on its board. Merritt Davis occupied approximately 50,000 square feet of office space in a building at 15 Marne Street in Hamden. Merritt Davis obtained a revolving term loan in the amount of $1,250,000 (loan)

---

[2] The court also dismissed the action as to Davis Electric for the plaintiff's failure to name a legal entity.

from Fleet Capital Business Finance Group (Fleet Capital). The loan was secured by a blanket lien on all of Merritt Davis' assets. In order to correct a misconception that Merritt Davis was a subsidiary of a larger competitor, Davis-Standard Corporation, Merritt Davis used the names Merritt Extruder Delaware and Davis Electric on some of its documents.

Between December, 2000, and April, 2002, the plaintiff supplied Merritt Davis with various parts and goods, resulting in an outstanding balance of $43,573.74. The shipping orders indicated that the goods were to be delivered to "Merritt Extruder/Davis Electric." All of the plaintiff's invoices indicated that the goods were sold to Merritt Davis.

After a period of financial difficulty, on February 13, 2004, Fleet Capital was forced to call its loan, which ultimately led Merritt Davis voluntarily to surrender all of its assets on March 29, 2004. As a result, Merritt Davis terminated its business operations and was officially dissolved on June 9, 2004. The outstanding balance between Merritt Davis and the plaintiff was never paid.

At about the time Merritt Davis surrendered its assets, Guthrie approached Fleet Capital and offered to buy $50,000 of the physical assets surrendered by Merritt Davis. The bank accepted his offer. On March 26, 2004, Guthrie formed Merritt Extruder Connecticut. On March 30, 2004, Merritt Extruder Connecticut entered into a bill of sale with Fleet Capital for the previously negotiated assets.

In an attempt to recover the money owed to it from its transactions with Merritt Davis, the plaintiff brought the present action. The court ultimately rendered judgment on count one against Merritt Davis for the total amount of the debt plus taxable costs. The court rendered judgment in favor Merritt Extruder Connecticut

on the remaining counts. This appeal followed. Additional facts will be set forth as necessary.

I

The plaintiff first claims that the court improperly concluded that there was no successor liability between Merritt Extruder Connecticut and Merritt Davis. As a preliminary matter, we state the relevant legal principles and the appropriate standard of review that guide our resolution of the plaintiff's claim. "The mere transfer of the assets of one corporation to another corporation or individual generally does not make the latter liable for the debts or liabilities of the first corporation except where the purchaser expressly or impliedly agrees to assume the obligations, the purchaser is merely a continuation of the selling corporation, [the companies merged] or the transaction is entered into fraudulently to escape liability." 19 C.J.S. 314, Corporations § 657 (1990); see also *Libutti* v. *United States*, 178 F.3d 114, 124 (2d Cir. 1999). Here, the plaintiff argues successor liability under the mere continuation theory. In other words, the plaintiff argues that Merritt Extruder Connecticut is a mere continuation of Merritt Davis and, thus, is liable for its debts.

The issues of whether a purchaser is a mere continuation of the selling corporation is a question of fact. *Patin* v. *Thoroughbred Power Boats, Inc.*, 294 F.3d 640, 649 (5th Cir. 2002). "To the extent that the trial court has made findings of fact, our review is limited to deciding whether such findings were clearly erroneous. . . . A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . ." (Citations omitted; internal quotation marks omitted.) *Frillici* v. *Westport*, 264 Conn. 266, 277, 823 A.2d 1172 (2003).

There are two theories used to determine whether the purchaser is merely a continuation of the selling

corporation. "Under the common law mere continuation theory, successor liability attaches when the plaintiff demonstrates the existence of a single corporation after the transfer of assets, with an identity of stock, stockholders, and directors between the successor and predecessor corporations." (Internal quotation marks omitted.) *Graham* v. *James*, 144 F.3d 229, 240 (2d Cir. 1998). Under the "continuity of enterprise" theory, a mere continuation exists "if the successor maintains the same business, with the same employees doing the same jobs, under the same supervisors, working conditions, and production processes, and produces the same products for the same customers." *B.F. Goodrich* v. *Betkoski*, 99 F.3d 505, 519 (2d Cir. 1996). Applying either theory to the evidence on the record, it is clear that the court's determination that Merritt Extruder Connecticut is not a mere continuation of Merritt Davis was not clearly erroneous.[3]

The court made the following factual findings relating to the common-law mere continuation theory. Merritt Davis had nine shareholders, including Guthrie, who owned 17 percent of the company. Merritt Extruder Connecticut has only one shareholder, Guthrie. Merritt Davis had ten board members, including Guthrie. Guthrie is Merritt Extruder Connecticut's only board member. The court made the following factual findings relating to the continuity of enterprise theory. Merritt Extruder Connecticut uses the same telephone number that Merritt Davis used. Merritt Extruder Connecticut occupies one half of the same office space that Merritt Davis once occupied. Merritt Extruder Connecticut has fourteen employees, while Merritt Davis had thirty-five at the time it was forced to dissolve. Merritt Extruder Connecticut has a narrower product line than Merritt

---

[3] Because it is clear under both theories that Merritt Extruder Connecticut is not a mere continuation of Merritt Davis, we need not adopt one theory over the other at this time.

Davis had. Merritt Extruder Connecticut purchased only physical assets from Merritt Davis and did not purchase any contract rights or accounts receivable. Merritt Davis' assets were purchased with Guthrie's personal funds. After reviewing the court's factual findings and the applicable principles of law, we conclude that the court's determination that Merritt Extruder Connecticut was not a mere continuation of Merritt Davis was not clearly erroneous.

## II

The plaintiff next claims that the court improperly concluded that Merritt Extruder Connecticut did not violate CUTPA. As a preliminary matter, we state the applicable standard of review and legal principles that guide our discussion. "It is well settled that whether a defendant's acts constitute . . . deceptive or unfair trade practices under CUTPA, is a question of fact for the trier, to which, on appellate review, we accord our customary deference. . . . [W]here the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, those facts are clearly erroneous." (Citation omitted; internal quotation marks omitted.) *Russell* v. *Russell,* 91 Conn. App. 619, 646, 882 A.2d 98, cert. denied, 276 Conn. 924, 925, 888 A.2d 92 (2005).

"To establish a CUTPA violation, a claimant's evidence must establish that the conduct at issue falls within one of three criteria. A court must decide whether the conduct (1) offends public policy, (2) is immoral, unethical, oppressive or unscrupulous or (3) causes substantial injury to consumers, competitors or other businessmen." (Internal quotation marks omitted.) Id. The plaintiff alleged that the actions of Merritt Extruder Connecticut were unethical and unscrupu-

lous. The court found these allegations to be "totally unsupported." We agree with the court.

In support of its CUTPA claim against Merritt Extruder Connecticut, the plaintiff argued: (1) Merritt Davis failed to file properly a trade name certificate for Merritt Extruder Delaware; (2) Merritt Extruder Connecticut illegally used the name of a defunct corporation when Merritt Davis displayed the names Merritt Extruder Delaware and Davis Electric on some of its documentation; and (3) promissory estoppel. The alleged conduct, however, does not support the plaintiff's CUTPA claim against Merritt Extruder Connecticut because all of the conduct predated the existence of Merritt Extruder Connecticut and involved a separate and distinct corporation, Merritt Davis. Because we previously held that Merritt Extruder Connecticut is not liable for the debts or liabilities of Merritt Davis, the CUTPA claim against Merritt Extruder Connecticut, which was based solely on Merritt Davis' conduct, is legally insufficient. Therefore, the court's conclusion that Merritt Extruder Connecticut did not violate CUTPA was not clearly erroneous.

The judgment is affirmed.

In this opinion the other judges concurred.